**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4228**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WALTER FRANKLIN GRIFFITH,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, Jr., District Judge. (1:10-cr-00114-WO-1)

Submitted: September 13, 2011    Decided: September 29, 2011

Before NIEMEYER, MOTZ, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Graham Tod Green, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Walter Franklin Griffith pled guilty, pursuant to a written plea agreement, to the possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2006). The district court sentenced Griffith to 108 months' incarceration followed by a three-year term of supervised release. On appeal, Griffith's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that he could identify no meritorious issues for appeal, but questions whether Griffith's sentence was reasonable.[*]

This court reviews a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to inspect for procedural reasonableness by ensuring that the district court committed no significant procedural errors, such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or insufficiently explaining the selected sentence. United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010). We then consider the substantive reasonableness of the sentence

---

[*] Griffith was advised of his right to file a pro se supplemental brief but has declined to do so. The Government has elected not to file a brief.

imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. We presume that a sentence within a properly calculated Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

Here, Griffith raised no objection to the findings or calculations made in the presentence report, which established an applicable sentencing range of 100 to 120 months, and which the court explicitly adopted. At sentencing, the court heard the testimony of two witnesses called by Griffith, considered counsel's argument requesting a sentence "near the low end of the guideline range," and permitted Griffith an opportunity to speak on his own behalf. After explaining that its ruling was predicated on the nature and circumstances of Griffith's offense, his history and characteristics, and the need to protect society from further criminal conduct, the court sentenced Griffith to a term of incarceration that fell in the bottom half of the uncontested Guidelines range.

As we have stressed, a sentencing court "need not robotically tick through § 3553(a)'s every subsection," but must only "provide [this court] an assurance that the sentencing court considered the § 3553(a) factors with regard to the particular defendant." United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007) (internal quotation marks omitted). Our review of the record persuades us that the sentencing court did

3

so here.  Accordingly, we readily conclude that Griffith's sentence is procedurally reasonable.  We further conclude that Griffith has not rebutted the presumption of reasonableness accorded his within-Guidelines sentence.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case, including the guilty plea hearing, and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Griffith, in writing, of the right to petition the Supreme Court of the United States for further review.  If Griffith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Griffith.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>